UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:15-CR-249 JCM (NJK) |
| Plaintiff(s), | ORDER |
| v. | |
| JOSHUA FORBES CALHOUN, | |
| Defendant(s). | |

Presently before the court is petitioner Joshua Calhoun's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.  (ECF No. 72).

**I.      Facts**

On May 18, 2015, petitioner entered a plea agreement with the government (ECF No. 39) and agreed to plead guilty to receipt of child pornography in violation of 18 U.S.C. § 2252A(a)(2) and (b).  The plea agreement included, *inter alia*, a waiver of the right to appeal his conviction and sentence, except an upward departure, and all non-waivable claims of ineffective assistance of counsel. *Id.*

On August 17, 2016, the court sentenced petitioner to 180 months custody, followed by a lifetime of supervised release.  (ECF No. 52).  Petitioner was advised of his rights to file an appeal. (ECF No. 52).  The court entered judgment on August 24, 2016.  (ECF No. 54) Petitioner filed an appeal (ECF No. 57), but later voluntarily dismissed the appeal (ECF No. 67).  Petitioner was represented by Chris Arabia, Esq.

In the instant motion, petitioner moves to vacate, arguing ineffective legal counsel based on four separate grounds or in the alternative, appoint new counsel.  (ECF No. 72).

## II.     Legal Standard

Federal prisoners "may move . . . to vacate, set aside or correct [their] sentence" if the court imposed the sentence "in violation of the Constitution or laws of the United States . . . ." 28 U.S.C. § 2255(a).  Section 2255 relief should be granted only where "a fundamental defect" caused "a complete miscarriage of justice." *Davis v. United States*, 417 U.S. 333, 345 (1974); *see also Hill v. United States*, 368 U.S. 424, 428 (1962).

Limitations on § 2255 motions are based on the fact that the movant "already has had a fair opportunity to present his federal claims to a federal forum," whether or not he took advantage of the opportunity.  *United States v. Frady*, 456 U.S. 152, 164 (1982).  Section 2255 "is not designed to provide criminal defendants multiple opportunities to challenge their sentence." *United States v. Johnson*, 988 F.2d 941, 945 (9th Cir. 1993).

## III.    Discussion

To prevail on a claim of ineffective assistance of counsel, the petitioner must show deficient performance and prejudice.  *See Strickland v. Washington*, 466 U.S. 668, 687 (1984).

"First, the defendant must show that counsel's performance was deficient." *Id.* at 687. "Judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689.  "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight . . . ." *Id.* at 689.  "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* at 689.  To establish deficient performance, the petitioner "must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688.

"Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687.  "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding

**James C. Mahan**
**U.S. District Judge**

would have been different. A reasonable probability is a probability sufficient to undermine the confidence in the outcome." *Id.* at 694.

### 1. *Ground One*

Calhoun argues his defense counsel, Paul Riddle's ("Riddle") failure to file a motion to dismiss indictment and failure to adequately investigate his prior criminal history before recommending he enter a plea of guilty to receipt of child pornography under 18 U.S.C. § 2252A(a)(2), which was subsequently enhanced under 18 U.S.C. § 2252A(b), constitutes ineffective assistance of counsel and renders the plea involuntary.

While Calhoun correctly states the two prong test propounded in *Strickland v. Washington*, he fails to adequately show "that the attorney's deficient performance prejudiced [him]." Calhoun merely offers the court a list of unsubstantiated and speculative statements as to the sequence of events that *would* have occurred and the resulting outcomes had Riddle done an "adequate investigation on [Calhoun's] prior record" or filed "a motion to dismiss 2252A(b) from the indictment." The court is not persuaded that Riddle's alleged failures rose to the level of ineffective assistance of counsel. Accordingly, the court will deny Calhoun's request to vacate his conviction and sentence and to order a new trial or hold a new hearing without the § 2252A(b) statutory enhancement.

### 2. *Ground Two*

Next, Calhoun argues that Riddle's failure to investigate a possible insanity defense under 18 U.S.C. § 17, obtain prison or psychiatric hospital records, which would have shown a valid defense under 18 U.S.C. § 17, and make an independent examination of facts prior to offering his opinion that Calhoun should plead guilty, constitutes ineffective assistance of counsel and renders the plea involuntary.

As the record indicates, Riddle at least attempted to locate Calhoun's hospital records. Given Riddle's claim, and the strong presumption that a counsel's conduct falls within the wide range of reasonable professional assistance, the court finds that Calhoun has not overcome this presumption. While Calhoun assures the court that Riddle's failure to employ an insanity affirmative defense was a "[c]ursory, uninformed judgment call," the court will apply broad

James C. Mahan
U.S. District Judge

deference to counsel's decisions and strategies at the time. Accordingly, the court will deny Calhoun's request to vacate the conviction and sentence and order a new trial.

### 3. *Ground Three*

Calhoun argues that his appellate counsel, Chris Arabia, stated that he would file a 28 U.S.C. § 2255 motion if Calhoun voluntarily withdrew his appeal. This proposed bargain could constitute ineffective assistance of counsel and render involuntary the withdrawal of the plea.

Arabia's recent filings, though, indicate that he was actively involved in the representation of Calhoun and had the intention of filing Calhoun's § 2255 motion. *See* ECF Nos. 71, 73.

Further, Calhoun has until May 20, 2018 to file his § 2255 motion. Accordingly, this court does not find Arabia's actions were so egregious that prejudice is presumed. *United States v. Cronic*, 466 U.S. 648 (1984). In fact, Arabia still had over 90 days to file Calhoun's § 2255 motion at the time Calhoun filed the instant motion.

The court will deny Calhoun's request to vacate the judgment and allow for an out-of-time appeal, but will appoint Calhoun new counsel to perfect his § 2255 motion.

### 4. *Ground Four*

Lastly, Calhoun argues his plea was involuntarily, unknowingly, and unintelligently entered and the plea is invalid because he was denied his Sixth Amendment right to effective counsel. To show a purported irreconcilable difference between himself and Riddle, Calhoun simply restates the same arguments he previously made in support of his second claim. Riddle's difficulty in obtaining Calhoun's medical records and his decision not to pursue an insanity defense do not per se render his assistance ineffective. Further, Calhoun previously filed and then *withdrew* two previous motions to dismiss counsel. (ECF Nos. 47, 51). Accordingly, Calhoun's relationship with Riddle could not have been as irreconcilable as Calhoun now alleges in his instant motion.

Because the record "conclusively shows" that petitioner is not entitled to relief, no evidentiary hearing is required. Where a § 2255 motion is based on alleged occurrences outside the record, no hearing is required if the allegations, "viewed against the record, either fail to state a claim for relief or are 'so palpably incredible or patently frivolous as to warrant summary dismissal.'" *Marrow v. United States*, 772 F.2d 525, 526 (9th Cir. 1985) (quoting *United States v.*

*Schaflander*, 743 F.2d 714, 717 (9th Cir. 1984)). The Ninth Circuit has recognized that where the issue of credibility can be conclusively decided on the basis of documentary testimony and evidence in the record, no evidentiary hearing is required. *United States v. Espinoza,* 866 F.2d 1067, 1069 (9th Cir. 1989) (quotations omitted).

This court will deny Calhoun's request for an evidentiary hearing, but will appoint Calhoun new counsel to perfect his § 2255 motion.

In accordance with the foregoing, the court will deny in part and grant in part petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (ECF No. 72).

**IV. Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that petitioner Joshua Calhoun's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (ECF No. 72) be, and the same hereby is, DENIED in part and GRANTED in part, consistent with foregoing.

IT IS FURTHER ORDERED that the federal public defender is appointed as counsel to represent the petitioner unless the federal public defender declines the appointment, on the basis of a conflict, no later than fourteen (14) days from the date of this order.

IT IS FURTHER ORDERED that the clerk of court shall distribute a copy of the document filed by the defendant to the federal public defender, the United States attorney, and the U.S. probation office forthwith.

IT IS FURTHER ORDERED that the United States attorney or the federal public defender may request that the probation office provide the defendant's disciplinary records from the Bureau of Prisons. If the United States attorney or the federal public defender makes such a request, the disciplinary records shall be served on the federal public defender, the United States attorney, and the court within thirty (30) days after receiving the request unless for good cause the time is extended.

IT IS FURTHER ORDERED that the federal public defender shall, within 120 days of this order, file any appropriate motion or stipulation. If the federal public defender files a motion for

**James C. Mahan**
**U.S. District Judge**

early termination of supervision, the United States attorney shall serve any response to such motion within twenty-one (21) days of the filing of that motion unless for good cause the time is extended.

IT IS FURTHER ORDERED that defendant shall submit an updated financial affidavit, under seal, to establish that he cannot afford to retain private counsel.

DATED March 9, 2018.

_____
UNITED STATES DISTRICT JUDGE