# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO.: 2:15-CR-249 JCM (NJK) |
| Plaintiff, | |
| vs. | **ORDER** |
| JOSHUA FORBES CALHOUN, | |
| Defendant. | |

Presently before the court is petitioner Joshua Forbes Calhoun's amended motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (ECF No. 87). The government filed a response (ECF No. 94), to which petitioner replied (ECF No. 95).

Also before the court is petitioner's motion to supplement his amended § 2255 motion. (ECF No. 92).

**I.      Facts**

On September 1, 2015, a grand jury indicted petitioner for one count of receipt of child pornography in violation of 18 U.S.C. §§ 2252A(a)(2) and (b)(1). (ECF Nos. 15, 17). On May 18, 2016, petitioner pleaded guilty. (ECF Nos. 37, 39). The plea agreement included, *inter alia*, a waiver of the right to appeal his conviction and sentence, except an upward departure or non-waivable claim of ineffective assistance of counsel. (ECF No. 39).

In the plea agreement and at the change of plea hearing, petitioner admitted that he downloaded images depicting child pornography on LimeWire, a peer-to-peer software. (ECF Nos. 37, 39). Petitioner further admitted that he uploaded those images to his Google + account

to actively trade child pornography with other members. *Id*. Lastly, petitioner admitted that he was previously convicted in Colorado for sexual exploitation—no consent, which enhanced the penalties under § 2252A(a)(2) to a mandatory minimum term of fifteen years. *Id*.

On August 17, 2016, the court sentenced petitioner to 180 months of custody to be followed by a lifetime term of supervised release. (ECF No. 52). The court entered judgment on August 24, 2016. (ECF No. 54). Now, petitioner moves to vacate his sentence, arguing two grounds of ineffective assistance of counsel. (ECF No. 87).

## II.     Legal Standard

Federal prisoners "may move . . . to vacate, set aside or correct [their] sentence" if the court imposed the sentence "in violation of the Constitution or laws of the United States . . . ." 28 U.S.C. § 2255(a). Section 2255 relief should be granted only where "a fundamental defect" caused "a complete miscarriage of justice." *Davis v. United States*, 417 U.S. 333, 345 (1974); *see also Hill v. United States*, 368 U.S. 424, 428 (1962).

Limitations on § 2255 motions are based on the fact that the movant "already has had a fair opportunity to present his federal claims to a federal forum," whether or not he took advantage of the opportunity. *United States v. Frady*, 456 U.S. 152, 164 (1982). Section 2255 "is not designed to provide criminal defendants multiple opportunities to challenge their sentence." *United States v. Johnson*, 988 F.2d 941, 945 (9th Cir. 1993).

## III.    Discussion

As a preliminary matter, petitioner requests to supplement his amended motion with the argument that he did not receive effective assistance of counsel because his trial attorney did not adequately investigate his criminal history and discover that he was subject to a fifteen-year mandatory minimum. (ECF No. 92). On March 9, 2018, the court issued an order rejecting this argument. (ECF No. 74). Therefore, the court will deny petitioner's motion to supplement his amended § 2255 motion.

Petitioner moves to vacate his sentence on two grounds of ineffective assistance of counsel. (ECF No. 87). To prevail on such claims, the petitioner must show deficient performance and prejudice. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984).

"First, the defendant must show that counsel's performance was deficient." *Id.* at 687. "Judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight . . ." *Id.* at 689. "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* at 689. To establish deficient performance, the petitioner "must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688.

"Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687. "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine the confidence in the outcome." *Id.* at 694.

Petitioner argues that he did not receive effective assistance of counsel because his attorney (1) did not argue that petitioner's prior Colorado conviction for sexual exploitation—no consent was not a predicate offense under § 2252A(b)(1) and did not trigger the fifteen-year mandatory minimum, and (2) failed to present mitigating evidence at sentencing. (ECF No. 87).

*a. Petitioner's prior conviction is a predicate offense under § 2252A(b)(1)*

Petitioner's counsel correctly declined to argue that the Colorado conviction was not a predicate offense under § 2252A(b)(1) because the argument would have been futile.

A conviction for receipt of child pornography has a fifteen-year mandatory minimum sentence under § 2252A(b)(1) if the defendant has a prior conviction "under the laws of any State

relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward[.]" 18 U.S.C. § 2252A(b)(1). A state conviction is a predicate offense under § 2252A(b)(1) if the conviction is categorically "relating to" the relevant federal offense. *United States v. Sullivan*, 797 F.3d 623, 638 (9th Cir. 2015). Although the term "relating to" is broad and indeterminate, courts interpret the term narrowly. *Id.* at 638 (citing *Mellouli v. Lynch*, 135 S.Ct. 1980, 1990 (2015)).

Petitioner's Colorado conviction for sexual exploitation—no consent is a predicate offense under § 2252A(b)(1). The relevant statutory provision prohibits a defendant from knowingly subjecting a victim to sexual contact without consent. Colo. Rev. Stat. 18-3-404(1)(a). The statute further provides that the offense includes sexual contact with any person under the age of eighteen for purposes of sexual gratification. *Id*. at 18-3-404(1.5).

The Ninth Circuit has established that "[t]he use of young children for the gratification of sexual desires constitutes abuse[.]" *United States v. Medina-Villa*, 567 F.3d 507, 515 (9th Cir. 2009). Because the Colorado statute criminalizes such behavior, conduct that violates the relevant provisions of the statute would be necessarily abusive. Therefore, defendants Colorado conviction relates to sexual abuse of a minor and is a predicate offense under § 2252A(b)(1). *See United States v. Carlson*, 702 Fed. Appx. 569, 571 (9th Cir. 2017) (holding that a Washington conviction involving the use of minors for sexual gratification is a predicate offense under § 2252A(b)(1)).

Had petitioner's counsel argued that the Colorado conviction was not a predicate offense, the court would have rejected the argument for the foregoing reasons. Thus, petitioner's counsel did not engage in deficient performance and did not prejudice the petitioner by failing to assert such an argument. *See James v. Borg*, 24 F.3d 20, 27 (9th Cir. 1994) (holding that failure to raise futile arguments does not amount to ineffective assistance of counsel).

*b. Failure to present mitigating evidence did not prejudice petitioner*

Petitioner also argues that he did not receive effective assistance of counsel because his attorney failed to obtain and present mental health records as mitigating evidence at sentencing. (ECF No. 87). However, because the court sentenced defendant to the mandatory minimum term

of custody, any alleged deficient performance could not have prejudiced the petitioner. *See Stickland v. Washington*, 466 U.S. 688, 670 (1984) ("A court need not first determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant . . ."). Therefore, petitioner's second ground for ineffective assistance of counsel fails.

   c. *Certificate of appealability*

The court declines to issue a certificate of appealability. The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)
>    (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>       (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>       (B) the final order in a proceeding under section 2255.
>    (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>    (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253.

Under § 2253, the court may issue a certificate of appealability only when a movant makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, the movant must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citation omitted).

The court finds that petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability. Reasonable jurists would not find the court's determination that movant is not entitled to relief under § 2255 debatable, wrong, or deserving of encouragement to proceed further. *See id.* Accordingly, the court declines to issue a certificate of appealability.

**IV.  Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that petitioner Joshua Forbes Calhoun's amended motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (ECF No. 87) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that petitioner's motion to supplement his amended § 2255 motion (ECF No. 92) be, and the same hereby is, DENIED.

The clerk is directed to enter a separate civil judgment denying petitioner's amended § 2255 motion in the matter of *Calhoun v. United States*, case number 2:19-cv-00082-JCM.

DATED: June 27, 2019.

JAMES C. MAHAN
United States District Judge